UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. 19-cr-10281-IT |
| ELWOOD CORTES-NAVEDO, | * | |
| | * | |
| Defendant. | * | |
| | * | |

ORDER GRANTING MOTION TO DISMISS

December 9, 2019

TALWANI, D.J.

Before the court is Defendant Elwood Cortes-Navedo's Motion to Dismiss for Violation of the Speedy Trial Act [#33]. Mr. Cortes-Navedo argues that the delay of more than thirty days between his arrest and indictment violated the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"). The government responds that the Act was tolled by an unresolved motion for detention brought by the government against a codefendant in a related criminal proceeding. For the reasons set forth below, the court finds that the motion concerning the other defendant's detention does not support excluding delay here, and that dismissal is appropriate. However, in consideration of the factors set forth in 18 U.S.C. § 3162(a)(1), the court concludes that dismissal should be without prejudice.

I.  Background

Mr. Cortes-Navedo, Rodrigo Tevares, and Rony DeFreitas were charged with unlawful dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A). Criminal Complaint, 19-mj-06292 [#4]. On April 24, 2019, all three Defendants were arrested. The next day, the Defendants made their initial appearances and the government moved for detention. See Elec. Clerk's Notes, 19-

mj-06292 [#9]. At the three Defendants' requests, the court set detention and probable cause hearings. Id.

On April 30, 2019, Mr. Tevares requested and was granted a continuance of his probable cause and detention hearings. Elec. Clerk's Notes, 19-mj-06292 [#14]. According to the docket, Mr. Tevares never sought to have the detention hearing rescheduled, and instead remained in custody.

On April 30, 2019, and May 1, 2019, the government withdrew its motions for detention as to Mr. DeFreitas and Mr. Cortes-Navedo, respectively, and the two Defendants were released. Elec. Clerk's Notes, 19-mj-06292 [#14]; Elec. Clerk's Notes, 19-mj-06292 [#21].

On May 30, 2019, the government offered Mr. DeFreitas a plea agreement pursuant to which he would waive indictment and plead guilty to an information. Plea Agreement, 19-cr-10227 NMG [#24].

On June 3, 2019, the Assistant United States Attorney ("AUSA") sent an email to Mr. DeFreitas and Mr. Cortes-Navedo's attorneys stating that his office "believe[d] that the Speedy Trial Act [was] tolled as to [Mr. Cortes-Navedo and Mr. DeFreitas] because the motion for detention [of Mr. Tevares] remains pending." Gov't's Opp'n 2 [#36]. The government asked defense counsel to communicate any disagreement with that position and noted that the "additional time also gives us an opportunity to continue to discuss pre-indictment resolution." Id. Although defense counsel for Mr. DeFreitas assented, defense counsel for Mr. Cortes-Navedo never responded to the Speedy Trial Act question posed by the AUSA. Id.

On July 2, 2019, the government charged Mr. DeFreitas in an Information. 19-cr-10227-NMG [#20].

On July 18, 2019, the government offered Mr. Tevares a plea agreement, pursuant to which he too would waive indictment and plead guilty to an information. Plea Agreement, 19-cr-10392-PBS [#27].

On July 31, 2019, the government sent a draft plea agreement to counsel for Mr. Cortes-Navedo. Gov't's Opp'n 3 [#36]. Mr. Cortes-Navedo declined the offer and the government indicted him on August 7, 2019, 104 days after he was arrested. Id.

On October 10, 2019, Mr. Tevares accepted the plea agreement and was charged by information. Plea Agreement, 19-cr-10392-PBS [#27]; Information, 19-cr-10392-PBS [#26].

On October 15, 2019, Defendant filed a Motion to Dismiss [#33] on the basis that more than thirty days had passed between his arrest and indictment. The government filed an Opposition [#36] to the motion, arguing that the government's detention motion tolled the government's deadline to indict Mr. Cortes-Navedo and that if any relief is granted, it should be limited to dismissal without prejudice.

II. Discussion

The Speedy Trial Act requires that "[an] information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). In addition, the Act sets a seventy day maximum period for the time between when a defendant is charged in an information or indictment and the commencement of trial. 18 U.S.C. § 3161(c)(1). The Act provides several tolling provisions that allow for these time limits to be extended in certain circumstances. One such provision is that some delay following from a proceeding "concerning the defendant," including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

3

disposition of, such motion," may be excluded. 18 U.S.C. §§ 3161(h)(1), (h)(1)(D). Furthermore, the Act designates as excludable "[a] reasonable period of delay when the defendant is *joined for trial* with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6) (emphasis added).

Defendant argues that the pretrial detention motion in Mr. Tavares's case does not create excludable delay for Mr. Cortes-Navedo's proceeding because Mr. Tavares and Mr. Cortes-Navedo were never "joined for trial" under Fed. R. Crim. P. 8(b). The government counters that the court must extend the delay to defendants "jointly charged" in a criminal complaint. Gov't's Opp'n 4 [#36]. The government acknowledges that 18 U.S.C. § 3161(h)(6) refers to defendants "joined for trial," but it argues that the court should construe this to mean "jointly charged" to avoid a contradiction in the Act. This contradiction, the government argues, arises out of the Act's designation that the enumerated excludable "periods of delay" apply to "the time within which an information or an indictment must be filed, *or* in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h) (emphasis added). Based on this language, the government argues that "the explicit language of Section (h) makes it clear that the periods of delay apply to computing the time within which an information or an indictment must be filed."[1] Gov't's Opp'n 4 [#36] (internal citations omitted). Accordingly, the government

---

[1] The government's argument relies on interpreting 18 U.S.C. § 3161(h) in the conjunctive, even though Congress used the disjunctive "or." In support of this interpretation, the government cites a Ninth Circuit case where the court interpreted a different subsection, § 3161(h)(3)—which excludes delay due to a defendant being unavailable "for trial"—as applying to both the thirty-day pre-indictment period and the seventy-day pre-trial period. United States v. Martinez-Martinez, 369 F.3d 1076, 1085 (9th Cir. 2004). The Ninth Circuit rested this conclusion in part on the premise that "[o]ther than § 3161(h)(3), there is no indication that any of the provisions are singularly applicable to only one of the time periods." Id. at 1085. Given that the Ninth Circuit did not address § 3161(h)(6), the subsection at issue here and a subsection that, by its text, applies to only one of the time periods, it is difficult to accord the Ninth Circuit opinion significant weight. The government acknowledges that there is no controlling precedent on this

4

infers, the delay cannot apply only to those "joined for trial," but must also apply to those "jointly charged" prior to indictment. Id.

The court is not persuaded by the government's reasoning. The Supreme Court has instructed that when "the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (internal citations omitted). The relevant language of the Act in the specific provision at issue is unambiguous and is not absurd. It creates as an explicit condition that the excludable delay is extended to a codefendant only where the defendants are "joined for trial." 18 U.S.C. § 3161(h)(6). Even more, the exception states, again without ambiguity, the delay applies to the extent that "the *time for trial*"—and not the time to indict—has not run for the codefendant. Id. (emphasis added).

The court is especially hesitant to deviate from the plain meaning of these words since they are terms of art with well-understood meanings in criminal law. The government's argument that the court should broadly construe the phrase "joined for trial" to mean "jointly charged" in a criminal complaint runs afoul of the "cardinal rule of statutory construction that, when Congress employs a term of art, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken." Bernardo ex rel. M & K Eng'g, Inc. v. Johnson, 814 F.3d 481, 498 (1st Cir. 2016) (citing Molzof v. United States, 502 U.S. 301, 307 (1992)). Rule 8 of the Federal Rules of Criminal Procedure has been

---

question and indeed no precedent in this circuit aside from a single case from this District. Gov't's Opp'n 5 [#36] (citing United States v. Perez, No. 94-10061-NMG (D. Mass. June 3, 1994) (finding "delay due to pre-indictment proceeding of one defendant is not excludable as to other defendants" since they are not "'codefendants' . . . linked by a common indictment or information")).

effectively unchanged since its adoption in 1944, thirty years before the enactment of the Speedy Trial Act. See Advisory Notes to Fed. R. Crim. P. 8. Even more, Congress expressly referenced the Federal Rules of Criminal Procedure in the relevant section of the Act. See 18 U.S.C. § 3161(h)(1)(E). As a result, the court finds no ambiguity in Congress's use of the term "joined for trial" and interprets it consistent with its well-understood meaning within the relevant statutory context to mean joined in an indictment under Fed. R. Civ. P. 8(b).

While the court may depart from a plain meaning of a statute where necessary to avoid an absurd result, here, an absurd result only manifests when departing from the Act's plain meaning. Under the government's interpretation, where multiple defendants are charged together in a criminal complaint, but one flees arrest, the arrested codefendants would effectively have no rights under the Speedy Trial Act as the "time for trial" would never run for the codefendant on the lam.

Even more, no amount of delay, much less a 104-day delay, is a reasonable period to extend Mr. Cortes-Navedo's statutory right to a speedy indictment because of a codefendant's pending detention motion. The Supreme Court has noted that, in the context of the Speedy Trial Act exemptions, § 3161(h)(6) is unique in that it does not create an automatic excludable period of delay upon the occurrence of a triggering event. See Henderson v. United States, 476 U.S. 321, 327 (1986). In Henderson, the Court held that § 3161(h)(6)'s requirement that any delay arising from a codefendant be "reasonable" was a purposeful limit on the exclusion that differentiated it from other exemptions. Id.; see also United States v. Barnes, 251 F.3d 251, 259 (1st Cir. 2001) (noting that courts should consider "how much time is 'reasonable'" when calculating delay due to codefendants' proceedings under the Act). The court recognizes that when prosecuting codefendants together, there are utilities to joint trials, especially where the

government may wish to "recite a single factual history, put on a single array of evidence, and call a single group of witnesses." United States v. Maryea, 704 F.3d 55, 67 (1st Cir. 2013). Indeed, after reviewing the legislative history of § 3161(h)(6), the Third Circuit noted that subsection (h)(6) embodies "a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded." United States v. Novak, 715 F.2d 810, 814 (3d Cir. 1983). Nevertheless, the court can discern no explanation for how a pending detention motion may require any delay in a codefendant's indictment.[2]

Accordingly, pursuant to 18 U.S.C. § 3162(a)(1), the Indictment charging Mr. Cortes-Navedo, must be dismissed.

The question remaining is whether the Indictment charging Mr. Cortes-Navedo should be dismissed with or without prejudice. Pursuant to 18 U.S.C. § 3162(a)(1), the court considers: (1) the seriousness of the offense; (2) the circumstances leading to the delay; (3) the impact reprosecution would have on the administration of justice and the enforcement of the Act; and

---

[2] Indeed, the government never explains why the motion for detention would support excludable delay even for the defendant to whom the motion is addressed. As an initial matter, to the extent that the pending detention motion did not require a hearing, time is tolled only until the "prompt disposition of the motion, which ordinarily cannot exceed the 30-day under advisement period." United States v. Barnes, 159 F.3d 4, 11 (1st Cir. 1998). Even more, relying on the pending motion for detention as a basis for delaying indictment frustrates the Act's "purpose of protecting the shared interest of criminal defendants and the public in bringing criminal charges to the bar of justice as promptly as practicable." United States v. Souza, 749 F.3d 74, 80 (1st Cir. 2014) (internal citation omitted). The court recognizes the First Circuit has expansively applied § 3161(h)(1)(D) to cover delay caused by "any pretrial motion" including motions for detention. Barnes, 159 F.3d at 11; see also United States v. Noone, 913 F.2d 20, 27 (1st Cir. 1990) (holding, without discussion, a pretrial detention order to be a "pretrial motion" under the Act in the context of excluding delay from the 70-day period between indictment and trial). Nevertheless, the First Circuit has bounded its expansive reading of the Act's tolling provisions such that pending motions will not create excludable delay where they exist only to "avoid the consequences of an STA violation." Souza, 749 F.3d at 80. Here, the reason for Mr. Tevares's and the government's apparent disinterest in resolving the pending detention motion is not readily ascertained from the record before the court, and the record here includes no contemporaneous order from a district judge excluding this time.

(4) any related miscellaneous factors, including whether the delay resulted in actual prejudice to the defendant. 18 U.S.C. § 3162(a)(1); United States v. Hastings, 847 F.2d 920, 929 (1st Cir. 1988) (appending the fourth factor to the three enumerated statutory factors).

Beginning with the seriousness of the offense, the crime with which Mr. Cortes-Navedo is charged is, undoubtedly, serious. The Defendant does not contest this. See Def.'s Mot. 7 [#33] ("the sale of a gun is not trivial"). Instead, Defendant states that this offense is "less serious than many others prosecuted in this district." Id. While the court agrees with the characterization that many cases before the court are of a more serious nature than the offense Mr. Cortes-Navedo is charged with, whether there are more serious offenses is not the applicable analysis. Instead, the court must consider "society's interest in bringing the particular accused to trial" to determine the seriousness of the crime. Hastings, 847 F.2d at 925. As the government correctly points out, gun trafficking is the type of offense that breeds more crime as the weapons find their way into the hands of those who cannot obtain weapons through legal means. Gov't's Opp'n 6 [#36]. Because the court finds that the government has a strong interest in intercepting those who engage in the trafficking of deadly weapons, the court considers the seriousness of the charges against Mr. Cortes-Navedo as weighing against dismissal with prejudice.

The circumstances leading to the delay also weigh against dismissal with prejudice. As the First Circuit has noted, the court should tip the scales in favor of dismissal with prejudice where the delay was caused by "a pattern of governmental inattention" or because the prosecutor "fails to learn oft-repeated lessons." Hastings, 847 F.2d at 925. Here, there is no showing of a pattern of governmental inattention. Although the AUSA was not sufficiently diligent regarding the Act's requirements, he did not entirely ignore his obligations, as evidenced by his email to

defense counsel. This does not excuse his oversight, but it does indicate that there is no additional lesson to be taught by dismissing the claims with prejudice.

In considering the effect of reprosecution on the administration of justice and the enforcement of the Act, the court concludes that neither is hindered by dismissal without prejudice. Mr. Cortes-Navedo would have to be indicted once more, a not-insubstantial burden on the government but a small burden on the Defendant and the court. See United States v. Taylor, 487 U.S. 326, 342 (1988) ("Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds"). Mr. Cortes-Navedo presents no argument for how reprosecution may impair the fair administration of justice and the court cannot discern one.

Finally, the court considers miscellaneous factors such as the length of delay and whether there is actual prejudice to the defendant. The length of the delay here is substantial; the 104-day delay between arrest and indictment is more than three times that provided for in the Act. Considered in isolation, a delay of this magnitude might suggest a blatant disregard for Mr. Cortes-Navedo's rights. However, the lengthy delay appears to be directly tied to the AUSA's mistaken understanding that there was an agreement that the time was tolled. Moreover, this is not a case where the Defendant remained in custody without a timely indictment. As a result, and considered alongside other factors in the analysis, the court concludes that the appropriate sanction is dismissal of the Complaint and the Indictment against Mr. Cortes-Navedo without prejudice to the government to renew its prosecution.

IT IS SO ORDERED.

December 9, 2019                                    /s/ Indira Talwani
                                                    United States District Judge